**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ELISHA YAFEH, | Case No.: |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT |
| EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendant. | |
| | JURY TRIAL DEMANDED |

Plaintiff, by and through the undersigned counsel, as and for its complaint in this matter, hereby alleges, based Plaintiff's personal knowledge, information and belief, and the investigation of counsel, as follows:

## INTRODUCTION

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq*. ("FCRA").

2. Plaintiff is the victim of identity theft. An identity thief used Plaintiff's personal identifying information to apply for several credit cards, including a Carter's credit card issued by Comenity Bank, without Plaintiff's knowledge or authorization. As a result of that fraudulent application, a hard inquiry was reported on Plaintiff's credit reports. Plaintiff submitted well-documented disputes to Equifax explaining that he was the victim of identity theft and demanding the removal of the

1

hard inquiry. Equifax, however, ignored these disputes and continued reporting the fraudulent Comenity/Carters hard inquiry.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

4.    Venue is proper in this District under 28 U.S.C. § 1391(b).

## PARTIES

5.    Plaintiff Elisha Yafeh ("Plaintiff") resides in Brooklyn, NY and is a "consumer" under 15 U.S.C. § 1681a(c).

6.    Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a consumer reporting agency that maintains its principal place of business at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Equifax can be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400 Peachtree Corners, Georgia 30092.

## FACTUAL ALLEGATIONS

7.    On or about August 30, 2024, an identity thief used Plaintiff's personal identifying information to submit an unauthorized credit application at Comenity Capital Bank/Carters.

8.     As a result of this unauthorized application, hard inquiries were added to Plaintiff's credit file and were included on credit reports sold by the national credit bureaus.

9.     Plaintiff did not submit these applications, nor did he authorize any person to apply for credit using his name or personal identifying information.

10.     Plaintiff learned about the fraudulent application the following week, when he received a letter from Comenity Capital Bank dated August 31, 2024 stating that his application for a Carter's credit card was denied.

11.     Plaintiff was shocked to receive the letter because he had not submitted a credit application to Comenity.

12.     Moreover, Plaintiff was in the process of applying for financing on a new home and was extremely concerned that the fraudulent inquiries would affect his ability to secure the financing at a favorable interest rate.

13.     Plaintiff then reviewed his credit file and learned that Equifax was reporting a hard inquiry for the fraudulent Comenity/Carter's application.

**Plaintiff Disputes the Fraudulent Hard Inquiry**

14.     Plaintiff moved diligently to block the fraudulent hard inquiry from his credit report.

15. On May 9, 2025, he filed an identity theft affidavit with the Federal Trade Commission (FTC Report No. 187097727). The FTC affidavit specifically identified the fraudulent hard inquiry and included the following personal statement:

> The above inquiry is not mine. I did not apply to or authorize anyone else to apply to the above-listed institution. I did not benefit from that credit application. Please conduct an investigation, block the information, and remove it from my credit file and reports.

16. On May 21, 2025 Plaintiff sent a dispute letter to Equifax explaining that he was the victim of identity theft and demanding that the fraudulent hard inquiry be blocked or stricken from future credit reports.

17. With the dispute letter, Plaintiff enclosed copies of the FTC affidavit, his social security card, New York State driver's license, and a bank statement to confirm his address.

18. The dispute letter was delivered to Equifax on June 2, 2025.

19. The receipt of Plaintiff's dispute letter triggered Equifax's statutory obligation to block the fraudulent hard inquiry within 4 days and triggered its statutory obligation to investigate and correct the reporting.

20. Equifax failed on all counts.

21. Equifax failed to block the reporting within four days.

22. Equifax also failed to conduct an investigation and to correct the reporting.

23.     By letter dated June 5, 2025, Defendant responded to Plaintiff's dispute.

24.     With its response, Equifax included an updated credit report

25.     Notably, the "updated" consumer report failed to address the disputed hard inquiry.

26.     The inquiry from Comenity was still present on the report.

27.     Then, by letter dated June 6, 2025, Defendant acknowledged receipt of the request to block the fraudulent information, but stated that it would not block the inquiry at that time and would reach out to Comenity Bank to verify the reporting.

28.     On August 18, 2025, Plaintiff retrieved a new copy of his Equifax credit report.

29.     The fraudulent hard inquiry still appeared on the August 18 credit report.

30.     In November 2025, Plaintiff began exploring a home purchase.

31.     In preparation, Plaintiff sought the advice of TCB Funding LLC.

32.     TCB Funding LLC purchased a consumer report about Plaintiff from Advantage Credit.

33.     The Advantage Credit report showed Plaintiff's Equifax credit score as being 769.

34.     Prior to the fraudulent hard inquiry, Plaintiff's credit score was 820.

35.    The significant decrease in credit score was caused by Defendant's inaccurate reporting of the fraudulent hard inquiry.

36.    In turn, Plaintiff's quoted mortgage rates were higher than they would have been but for the fraudulent hard inquiry's continued appearance on Plaintiff's consumer report.

## EQUIFAX VIOLATED THE FCRA AND HARMED PLAINTIFF

37.    Plaintiff did exactly what he should have done upon realizing he was the victim of identity theft.

38.    Plaintiff filed an FTC Identity Theft Affidavit.

39.    Plaintiff disputed the fraudulent hard inquiry with Equifax.

40.    Plaintiff immediately identified himself as an identity theft victim and requested that Equifax block the inquiry.

41.    Equifax refused to block the fraudulent hard inquiry.

42.    Equifax refused to delete the fraudulent hard inquiry.

43.    Instead, Equifax repeatedly disregarded Plaintiff's credible dispute.

44.    As a direct result of Equifax's refusal to remove the fraudulent hard inquiry, Equifax has continued to saddle Plaintiff with inaccurate credit information.

45.    Due to Defendant's refusal to remove the fraudulent hard inquiry from an identity theft victim's consumer file, Plaintiff expended countless hours disputing the fraudulent hard inquiry with Equifax, to no avail.

46. Equifax's conduct has caused Plaintiff extreme and ongoing stress and anxiety.

47. Plaintiff has suffered sleepless nights, frustration, worry, and ultimately feels utterly hopeless under the pressure that Defendant would never properly reinvestigate his dispute.

48. Further, Plaintiff has suffered reputational harm as the false inquiry remains visible to potential lenders, employers, or landlords who may interpret it as an actual credit-seeking event.

49. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under its direct supervision and control.

50. Defendant's conduct, and that of its representative agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and Plaintiff's rights.

51. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; reduced overall creditworthiness; the expenditure of time and money disputing and trying to remove an open and derogatory hard inquiry that was the product of identity theft; and, the expenditure

of labor and effort disputing and trying to remove an open and derogatory hard inquiry that was the product of identity theft.

52.     Additionally, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish and pain, sleep loss, reputational damage, humiliation, stress, anger, frustration, shock, violation of Plaintiff's right to privacy, fear, worry, anxiety, and embarrassment of being a victim of identity theft whose veracity is doubted, questioned, and disbelieved by Defendant.

## COUNT I
### Violations of 15 U.S.C. §§ 1681, *et seq.*

53.     Plaintiff incorporates the foregoing allegations as if set forth in full herein.

54.     Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information under 15 U.S.C. §§ 1681c, 1681c-2, 1681e(b), and 1681i.

55.     Equifax's conduct is a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for statutory damages, actual damages, punitive damages, and attorney's fees and costs, as well as such further relief, as may be permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs and awarding Plaintiff such other and furth relief as the Court may deem appropriate and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

Dated: March 24, 2026

> */s/ Atid Malka*
> Atid Malka, GA Bar # 705109
> CONSUMER ATTORNEYS, PLLC
> 2800 N. Druid Hills Road,
> Building A, Suite D
> Atlanta, GA 30329
> T: (718) 874-2914
> E: amalka@consumerattorneys.com
>
> *Attorneys for Plaintiff*
> *Elisha Yafeh*